# CHARLESTON.

.ESSIE PAYNE v. SEHON, STEVENSON & Co. *et als.*

Submitted October 16, 1917.    Decided October 23, 1917.

1.  BANKRUPTCY—*Preference—Avoidance.*

    Where an insolvent debtor conveys to one of his creditors a
    part of his estate in consideration of a debt which he owes to
    such creditor, and for a present consideration paid in money, and
    such debtor is subsequently, within four months, adjudicated a
    bankrupt, and such creditor at the time of such conveyance knew,
    or had reason to believe that such transfer would result in giving
    him a preference over other creditors of the bankrupt of the same
    class, such conveyance will be held void at the suit of the trustee
    in bankruptcy, except to the extent that there was a present con-
    sideration paid therefor.  (p. 131).

2.  SAME—*Preference—Avoidance—Lien.*

    In such case the conveyance or transfer will be held to create
    a lien upon the property to secure the present consideration paid
    therefor, and the property turned over to the bankruptcy court to
    be administered therein.  (p. 131).

Appeal from Circuit Court, Cabell County.

Bill of review by Essie Payne against Sehon, Stevenson &
Co., R. S. Douthat, trustee in bankruptcy, and others.  From
the decree, the trustee in bankruptcy appeals.·

*Reversed, and decree entered.*

*Geo. S. Wallace* and *Philip P. Gibson,* for appellant.
*Daugherty & Riggs,* for appellees.

RITZ, JUDGE:

Floyd Ross, a merchant, engaged in business in the city of
Huntington, becoming financially embarrassed, on the 21st
day of January, 1915, conveyed to Essie Payne certain real
estate owned by him, the consideration being the assumption
by her of the liens existing thereon, the cancellation of a
debt which she held against said Ross, and the payment to
said Ross of fifty dollars in cash.  Within four months after
the making of this deed Ross filed a voluntary petition in
bankruptcy, was duly adjudged bankrupt, and the appellant

R. S. Douthat was appointed his trustee. Sehon, Stevenson & Co. was one of the creditors of said Ross. Suit was brought by this concern against him and judgment obtained before a justice of the peace for the sum of three hundred dollars. They then instituted a suit in equity to set aside the conveyance made by Ross to Essie Payne, upon the ground that the same was made for the purpose of hindering, delaying and defrauding his creditors. After Ross was adjudged bankrupt his trustee united in this suit with Sehon, Stevenson & Company, and in addition to charging that the conveyance aforesaid was made for the purpose of hindering, delaying and defrauding his creditors, it was also charged that the same was made while Ross was insolvent, within four months next preceding his adjudication as a bankrupt, and that Essie Payne, the grantee in said deed, knew or had reason to believe that he was so insolvent at the time said conveyance was made, and charging that it was therefore a voidable preference under the provisions of section 60 of the Acts of Congress relating to Bankruptcy. The case was referred to a commissioner who found that part of the consideration paid by Essie Payne for the conveyance was an antecedent debt for the sum of $90.00, and that the remainder of such consideration was the sum of $50.00 paid in cash on the delivery of the deed, and the assumption of the liens existing against the property. He further found that such conveyance constituted a voidable preference under the bankruptcy act. Upon this report the circuit court set aside the conveyance and decreed that the title be vested in the trustee in bankruptcy to be administered by him under the direction of the Federal District Court, and that the said Essie Payne be allowed to prove her debt of ninety dollars and the cash payment of fifty dollars as a claim against the bankrupt estate. Subsequently the said Essie Payne filed this bill of review for the purpose of setting aside the circuit court's decree for error apparent upon the face of the record, the error charged being that the court, instead of setting aside the conveyance, should have held that it was good except as to the pre-existing debt of ninety dollars, and should allow said Essie Payne to retain the property by the

payment of the same to the trustee in bankruptcy. Upon the bill of review the court did set aside its former decree and entered one holding that said conveyance was void only to the extent that said Essie Payne secured a preference over other creditors of the same class, to-wit, to the extent of ninety dollars, and further decreed that upon the payment of ninety dollars by the said Essie Payne to the trustee in bankruptcy her title to said real estate be confirmed, but should she fail to pay said sum of ninety dollars to the said trustee in bankruptcy, that said real estate be sold by a special commisioner for the satisfaction thereof. The trustee in bankruptcy prosecutes this appeal for the purpose of reviewing that decree.

Section 60a of the Acts of Congress relating to Bankruptcy provides that: "A person shall be deemed to have given a preference if being insolvent he has within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured and suffered a judgment to be entered against him in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable anyone of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." Section 60b provides: "If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person." From this it will be seen that in order to create a preference, such

as will be held void under this act, no showing of fraud is at all necessary, such a preference consisting in a person while insolvent, and within four months of his bankruptcy, procuring or suffering judgment to be entered against himself, or making a transfer of his property, the effect of which will be to enable one creditor to obtain a greater percentage of his debt than any other creditor of the same class. It makes no difference what the intent of the bankrupt may be, if the effect of such a transfer is to give one creditor an advantage over another creditor of the same class, then it is such a preference as is condemned by the act, and it will be set aside if the party receiving such preference knew at the time, or had reason to believe that the effect of such conveyance would be to give him a preference over other creditors of the bankrupt of the same class.   Collier on Bankruptcy, p. 790.   The court below has found that the deed involved here was such a transfer as is made voidable by the provisions of the Acts of Congress relating to Bankruptcy above cited, in so far as the ninety-dollar debt, which was part of the consideration for the transfer, is concerned.   If all of the consideration paid by Essie Payne was a pre-existing debt, there would be no difficulty in this case.   Under the express provision of the act the conveyance would be set aside and the title to the property vested in the trustee in bankruptcy and the transferee permitted to prove such debt in the bankruptcy court.   The trouble here is that part of the consideration given was a pre-existing debt and part of it was a payment of money at the time of the transfer.   The Acts of Congress relating to Bankruptcy do not specifically provide for such a case, but it is manifest that to allow the transaction to stand would be to suffer Essie Payne to have her debt paid in full out of the bankrupt's estate to the prejudice of other creditors of the same class, while to set it aside in toto and allow her to participate in the bankrupt's estate with general creditors to the extent of the consideration she paid for the conveyance, including the pre-existing debt and the money payment, would be placing her at a disadvantage in so far as the consideration was a present one. The court below took the view that the transfer was good and

valid except as to the ninety-dollar pre-existing debt, while the contention of the appellant is that the transfer is invalid in toto. We are of the opinion that neither of these contentions is correct, but that the right solution of the question is that the transaction is void except to the extent that a present consideration was paid for the property. To hold such a transaction valid except as to the preference given, as was done in this case, might result, and would in many cases result, in manifest injustice being done the bankrupt's creditors. One in straightened circumstances might in the best of faith sacrifice his property to another who might be acting in entire good faith, but without means of knowledge of the bankrupt's condition, and if part of the consideration was a pre-existing debt and the other part a present money payment, if it were held valid except as to the pre-existing debt such creditor would get the property for the price agreed upon no matter how inadequate that might be. It might be that one in embarrassed circumstances, as Ross seems to have been at this time, would sell property of the value of three thousand dollars for the sum of two thousand dollars, of which one thousand dollars would be a pre-existing debt, and one thousand dollars cash, and if the conveyance is upheld by the courts, all that the creditor would have to do would be to pay the thousand dollars represented by the pre-existing debt, and in that way he would as effectually secure the full payment of his debt as if it had been paid in cash by the bankrupt out of his estate. In fact he would not only secure the full payment of his debt, but he would be allowed to participate as a general creditor in the bankrupt's estate to the extent of his pre-existing debt. The true rule as laid down by the authorities we think is that where a transfer is made, the consideration for which is in part a pre-existing debt and in part a present money consideration, the other conditions existing to make it a voidable transfer, it is void except to the extent that a present consideration is given therefor. In 7 Corp. Jur. p. 167, in speaking of transfers under this section of the bankruptcy act, it is said: ''Where a transfer is partly on a new consideration and partly to pay or to secure a pre-existing debt, it is valid to the extent that there

was a new consideration, although it may be invalid as to the remainder." And in Collier on Bankruptcy, at p. 830, it is said: "And if an actual present consideration was advanced by the creditor at the time of the transfer, he may be permitted to retain so much of the proceeds of the sale of the property as will compensate him for such advancement." Similarly the doctrine is laid down in 2 Remington on Bankruptcy, p. 1181. In *Jackson* v. *Sedgwick,* 26 American Bankruptcy Reports, 836, a creditor of the bankrupt received a transfer of a large amount of accounts of the bankrupt estate, paying therefor a present money consideration and a large antecedent indebtedness. The court held on an adjustment of that matter that such transaction was void, but inasmuch as the creditor had advanced a present consideration he would be allowed to retain enough of the money already collected on the accounts to reimburse him the cash consideration advanced; that the title to the accounts would vest in the trustee, and that such creditor must return any amount collected in addition to that which would be required for his repayment. In the case of *In re Cobb,* 3 American Bankruptcy Reports, 129, it was held where a creditor advanced a sum of money to his debtor who was insolvent at the time, and received from him a transfer of assets to satisfy a pre-existing debt, as well as in consideration of the present advancement, that the transfer would be held void, but that such creditor would be protected in the assets transferred to the extent that there was a present consideration paid therefor. Other authorities might be cited to the same effect, but we think it is quite clear from the language of the act itself that the only fair construction to give it is that where property is transferred by a bankrupt, part of the consideration for such transfer being a pre-existing debt, and the other part a present payment of money, such transfer will be held void, except to the extent that a present consideration was paid therefor.

Applying this conclusion to the case at bar we reverse the decree of the circuit court entered upon the bill of review, with costs to the appellant, and will enter a decree here setting aside the deed made by the bankrupt to Essie Payne

and vest the title to the property in the trustee in bankruptcy, to be administered by him in the bankruptcy court, subject to a lien in favor of the said Essie Payne for the cash consideration of fifty dollars, with interest thereon from the date of its payment, and she will also be allowed to submit the proof of her debt of ninety dollars to the bankruptcy court.

*Reversed, and decree entered.*